**SOUTHWESTERN BELL TELEPHONE COMPANY, Plaintiff,**

v.

**Henry SNOW, Virgie W. Snow and Earthmovers, Inc., an Oklahoma Corporation, Defendants.**

No. 77–319–C.

United States District Court,
E. D. Oklahoma.

June 11, 1979.

Frederic N. Schneider, III, Tulsa, Okl., for plaintiff.

David H. Sanders, Sr., Kurt A. Ray and Jack Thomas, Tulsa, Okl., for defendants Snow.

Richard D. Gibbon, Tulsa, Okl., for defendant Earthmovers.

ORDER

DAUGHERTY, Chief Judge.

Plaintiff Southwestern Bell Telephone Company brought this action against the above–named Defendants seeking compensatory, punitive and injunctive relief for the severance of Plaintiff's underground telephone cable located on the farm of the Defendants Snow. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy.

Plaintiff alleged that the Defendant Earthmovers, Inc., while acting as the

---

agent, servant and employee of the Defendants Snow, severed Plaintiff's underground telephone cable, which was a major long distance telephone cable between Tulsa, Oklahoma and Muskogee, Oklahoma, with a bulldozer while building a farm pond for the Defendants Snow on their farm property. Plaintiff claimed that the Defendants knew or should have known of the presence of Plaintiff's underground telephone cable in the area being used to locate and construct the farm pond; were adequately warned of the presence of the underground telephone cable in the vicinity of said farm pond and were guilty of negligence by failing to exercise ordinary care under the circumstances in locating and constructing the farm pond by which Plaintiff's underground telephone cable was severed or cut.

By agreement of the parties, Plaintiff's claim for a permanent injunction was reserved to the Court from jury consideration with the understanding that the Court could consider the evidence presented at the jury trial in later ruling on the requested injunction, which evidence could be later supplemented by the parties as desired. After a full trial on the merits of Plaintiff's claim for damages against the Defendants, the jury returned a verdict in favor of the Plaintiff and against the Defendants Snow, wherein the jury assessed Plaintiff's recovery to be in the amount of $0.00, and in favor of Defendant Earthmovers, Inc. and against the Plaintiff.

The case is now before the Court on Plaintiff's claim for a permanent injunction against the Defendants Snow. Plaintiff has withdrawn its claim for a permanent injunction against Defendant Earthmovers. Both the Plaintiff and Defendants Snow have waived their rights to present any further evidence on the permanent injunction issue and have submitted the issue to the Court for determination based on the evidence presented at the trial of Plaintiff's claim for damages.

In its Complaint, Plaintiff requested the Court to

Issue a permanent injunction (a) restraining the defendants, their agents, successors, employees, attorneys and those acting in concert with them from further trespassing on the plaintiff's right–of–way and easement by their excavation operations which threaten to damage or sever the plaintiff's underground cable; (b) restraining the defendants from the erection of any structure on the plaintiff's right–of–way and easement; (c) restraining the defendants from any conduct which inhibits the exercise by the plaintiff of its rights of access, inspection and maintenance granted to plaintiff by its right–of–way and easement.

In the Pretrial Order filed in this case, Plaintiff indicated that it sought

a permanent injunction enjoining the defendants from interference with and obstruction of its private easement and right–of–way located on the Southeast Quarter, Township 16 North, Range 15 East, Muskogee County, Oklahoma.

In view of the evidence before the Court, following a full hearing on the merits of Plaintiff's claim against the Defendants Snow, the Court finds that Plaintiff is entitled to the permanent injunctive relief it requests. The evidence presented at the trial establishes that the Plaintiff has a right–of–way easement across the farm property owned by Defendants Snow and that in this easement the landowners at the time the easement was granted and their successors in interest, which includes the Defendants Snow, agreed that no structure shall be erected or permitted on the land involved in Plaintiff's easement. The pond involved is deemed to be a prohibited structure under said easement. Annot., What constitutes a "structure" within restrictive covenant, 75 A.L.R.3d 1095 (1977). Plaintiff's right to the injunctive relief it seeks is, therefore, clear. The equities favor the issuance of such relief as the evidence indicates that there is a real danger that the act or acts complained of by Plaintiff may actually take place; the issuance of the requested permanent injunctive relief will not create a hardship on third parties; and such relief will not be against public policy or public interest.

Accordingly, the Defendants Snow, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby ordered to permanently restrain from (a) trespassing· on the Plaintiff's right–of–way and easement across the Defendants Snows' farm property located on the Southeast Quarter, Township 16 North, Range 15 East, Muskogee County, Oklahoma, by their excavation operations which threaten to damage or sever the Plaintiff's underground telephone cable; (b) erecting any structure on the Plaintiff's right–of–way and easement across the Defendants Snows' farm property including a farm pond; and (c) any conduct which inhibits Plaintiff's exercise of the right of access, inspection and maintenance granted to Plaintiff by its right–of–way and easement.